UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

PEPITO O. ALMENDRAS,
          *Plaintiff*,

    - against -

HAROLD GRABINO and
PRISCILLA GRABINO,
          *Defendants*.

-------------------------------------------------------------------X

Index No. 13-cv-02784 (ALC)(SN)

AMENDED COMPLAINT

(Jury Trial Demanded)

PLAINTIFF, by his attorneys, the Law Office of Felix Q. Vinluan, for his amended complaint, alleges:

## NATURE OF THE ACTION

1.    Plaintiff was employed by Defendant spouses, Harold and Priscilla Grabino, as a domestic employee for approximately four years beginning in approximately January 2009. Since his date of employment, Defendants regularly required Plaintiff to work sixty (60) hours a week. From that time and throughout the term of his employment, Defendants failed to pay Plaintiff overtime pay to which he was entitled.

2.    Plaintiff's employment was terminated effective on January 14, 2013, about a week after he had complained that he should be given sufficient meal period and rest period. Plaintiff expressly stated that if his concerns were not properly addressed, he might have to report Defendants to the Department of Labor.

3.    As a result of Defendants' unlawful and retaliatory termination of his services, Plaintiff has suffered ongoing emotional distress, including depression, humiliation, embarrassment, stress, anxiety, and trouble sleeping.

1

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA) and 28 U.S.C. § 1331 (federal question).

5.      Supplemental jurisdiction over Plaintiff's state law and common law claims is conferred by 28 U.S.C. § 1367(a), because these claims are so closely related to Plaintiff's federal claims that they form part of the same case or controversy.

6.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, and Plaintiff was employed by Defendants in this district.

## PARTIES

7.      Plaintiff Pepito O. Almendras ("Almendras") is an adult male individual who resides in New York County, state of New York, at all times relevant.

8.      Defendant Harold Grabino ("Harold") is an adult male individual who resides in New York County, state of New York, at all times relevant.

9.      Defendant Priscilla Grabino ("Priscilla") is an adult female individual who resides in New York County, state of New York, at all times relevant.

10.     Plaintiff Almendras was employed by Defendants Harold and Priscilla as a domestic worker and worked at Defendants' residence located at 145 Central Park West, Apt. 11-C, New York, NY 10023.

11.     Upon information and belief, Defendants have power over personnel decisions.

12.     Upon information and belief, Defendants have power over payroll decisions.

13.     Upon information and belief, Defendants have the power to hire and fire employees, establish and pay their wages, set their work schedules and maintain their employment records.

14.     At all times relevant to this action, Plaintiff was an employee of Defendants within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §203(e) and the New York Labor Law §§2, 190(2), and 651(5).

15.     During all relevant times, Defendants Harold and Priscilla were Plaintiff's employer within the meaning of the Fair Labor Standards Act ("FLSA") and the New York Labor Law.

16.     All of the acts alleged in this Complaint were done, performed and implemented by Defendants Harold and Priscilla.

17.     At or before the commencement of this action, notice thereof was provided to the Attorney General of the State of New York, as provided by N.Y. Civil Rights Laws, §40-d.

## THE FACTS

18.     Defendants hired the services of Plaintiff Almendras as a domestic employee sometime on or about January 4, 2009.

19.     Defendants required Plaintiff Almendras to work sixty (60) hours per week, with the following regular schedules:  from Monday to Thursday, 8 a.m. to 8 p.m., and on Saturday, 8 a.m. to 8 p.m.

20.     Defendants paid Plaintiff twenty dollars ($20.00) per hour for his hours of work, with no overtime pay above forty hours per week.

21.     As a domestic employee, Plaintiff Almendras did housekeeping chores, washed the dishes, set up the dinner table, threw the garbage, assisted Defendant Harold in his exercises

and activities of daily living, and also brought Defendant Harold to his medical and other appointments outside Defendants' residence, among other household duties.

22.     As such domestic worker, Plaintiff reported directly to Defendants who had the right to control his work.

23.     Plaintiff's regular working schedule set by the Defendants included no fixed meal period and rest break for the Plaintiff.

24.     Defendants normally paid Plaintiff his compensation by way of Defendants' personal check, without any itemization as to any deductions or tax withholdings.

25.     Defendants did not pay Plaintiff any overtime rate or premium rate for Plaintiff's hours in excess of forty per week.

26.     On or about January 8, 2013, at about 4:30 p.m., Plaintiff asked Defendant Priscilla if he could go out of their residence for a few minutes to take his meal and take a short break from work.

27.     Defendant Priscilla told Plaintiff that he could not go out of their apartment as Defendant Harold needed him.  Defendant Priscilla remarked that Plaintiff was being paid for all his hours anyway.

28.     Plaintiff replied that Defendants could deduct at least half an hour from his paycheck everyday, as and by way of his meal time, because he had to take his meals too. Plaintiff stated that it was also his right to have meal period and rest break.  "Or would you have me report this to the Department of Labor", Plaintiff likewise remarked to Defendant Priscilla.

29.     Defendant Priscilla acted peeved by Plaintiff's remarks and frowned upon him.

30.     Upon information and belief, on that following Sunday morning (January 13, 2013), Defendants interviewed an individual to replace Plaintiff in his job.

4

31.     On that Sunday evening, Defendant Priscilla left a phone message to Plaintiff that he did not have to report to work anymore the following day, Monday, as his services had been terminated.  Upon information and belief, the decision to terminate Plaintiff's services was a joint decision by Defendants Harold and Priscilla.

## AS AND FOR A FIRST CAUSE OF ACTION

### (Unpaid Overtime under FLSA)

32.     Plaintiff repeats the allegations of paragraphs 1 – 31 with the same force and effect as if fully set forth at length herein.

33.     Pursuant to the FLSA, an employer is required to pay overtime compensation at a rate not less than one and one-half times the regular rate of pay for each hour in excess of forty in a work week.  29 U.S.C. §207 (a), (l).

34.     Defendants failed to pay Plaintiff overtime compensation of one and one-half times his regular rate of pay for all hours worked in excess of forty in a work week in violation of 29 U.S.C. §207 (l).

35.     Defendants' failure to pay overtime compensation was willful.

36.     Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants his unpaid overtime wages in an amount to be determined at trial, plus statutorily prescribed liquidated damages, as well as reasonable attorney's fees and costs of the action, including post-judgment interest, pursuant to 29 U.S.C. §216 (b).

## AS AND FOR A SECOND CAUSE OF ACTION

### (Unpaid Overtime under NY Labor Law)

37.     Plaintiff repeats the allegations of paragraphs 1 – 36 with the same force and effect as if fully set forth at length herein.

38.     Under N.Y. Law, employers are required to pay overtime wages at rates at least one and one-half times the regular rate of pay for each hour worked in excess of forty hours per week. N.Y. Comp. Codes R. and Regs. Tit. 12, §142.2-2; NYLL §170.

39.     At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2, 190, and 651.

40.     Defendants willfully and knowingly failed to pay Plaintiff overtime wages at rates at least one and one-half times his regular rate of pay for each hour worked in excess of forty hours per week, in violation of the N.Y. Comp. Codes R. and Regs. Tit. 12, §142.2-2 and New York Labor Law §170.

41.     Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid overtime wages in an amount to be determined at trial, plus statutorily prescribed liquidated damages, as well as reasonable attorney's fees and costs of this action, and interest pursuant to New York Labor Law §§198 and 663.

## AS AND FOR A THIRD CAUSE OF ACTION

### Retaliatory Discharge in Violation of New York State Labor Law sec. 215

42.     Plaintiff repeats the allegations of paragraphs 1 – 41 with the same force and effect as if fully set forth at length herein.

43.     Prior to his termination, Plaintiff made complaints to Defendants about Defendants' failure to provide him with sufficient meal period and rest break.

44.     Prior to his termination, Plaintiff made complaints to Defendants that Defendants' policy and practice of not allowing him to take regular meal periods and rest breaks were unlawful, being in violation of his Labor Law rights.

45.     Under section 215 of the New York Labor Law, no employer or his agent or officer shall discharge, penalize, or in any other manner discriminate or retaliate against any employee because such employee has made a complaint to his employer that the employer has violated any provision regarding the proper payment of wages, benefits or wage supplements under New York Labor Law.

46.     Upon information and belief, Defendants retaliated against Plaintiff for Plaintiff's opposition and complaints of, among others, Defendants' policy and practice of violating his rights to meal period and rest breaks.

47.     In terminating the services of Plaintiff, Defendants breached substantive law regarding the prohibition of retaliating against employees who complain about their employers having violated the proper payment of wages and benefits, in violation of the New York State Labor Law section 215.

48.     As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the New York State Labor Law, Plaintiff suffered and continues to suffer monetary and/or economic harm for which he is entitled to an award of monetary damages and other relief.

49.     As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the New York State Labor Law, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, as well as physical injury, for which he is entitled to an award of monetary damages and other relief.

## AS AND FOR A FOURTH CAUSE OF ACTION

### (Retaliatory Discharge)

50.     Plaintiff repeats the allegations of paragraphs 1 – 49 with the same force and effect as if fully set forth at length herein.

51.     By the acts described above, Defendants terminated the services of Plaintiff in retaliation for Plaintiff's exercise of his rights under the law, specifically when he demanded that he be given sufficient time for meal period and rest break.

52.     As a direct and proximate result of the Defendants' unlawful retaliatory conduct, Plaintiff has suffered and continues to suffer monetary and/or economic harm, for which he is entitled to an award of monetary damages and other relief.

53.     As a direct and proximate result of the Defendants' unlawful retaliatory conduct, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, as well as physical injury, for which he is entitled to an award of monetary damages and other relief.

54.     As a result of the retaliatory discharge by the Defendants, Plaintiff has suffered and continues to suffer damages in an amount to be determined at trial, but which amount is believed to be in excess of one million dollars ($1,000,000.00).

## DEMAND FOR JURY TRIAL

55.     Plaintiff is entitled to and hereby demands a jury trial in this matter.

## PRAYER

**WHEREFORE,** Plaintiff Pepito Almendras demands that judgment be entered against Defendants and an Order be issued:

A.     Awarding compensatory damages for all economic loss, including but not limited to back pay, overtime pay and all other benefits to which he is entitled;

8

B.      Awarding compensatory damages for all non-economic losses, physical and emotional distress, anxiety, humiliation, emotional harm, pain and suffering, work and social disruption, and other grievous harm;

C.      Awarding statutorily-prescribed liquidated damages;

D.      Awarding costs and disbursements of this suit, including reasonable  attorney's fees;

E.      Awarding pre-judgment and post-judgment interest, and;

F.      Awarding such other and further relief as this Court deems just and proper.

Respectfully submitted.

July 22, 2013.  Woodside, New York.

LAW OFFICE OF FELIX Q. VINLUAN

By:

FELIX Q. VINLUAN (FV6788)
69-10 Roosevelt Avenue, 2nd Floor
Woodside, NY 11377
Tel. No. 718-478-4488
Fax No. 718-478-4488
Email: fqvinluan@yahoo.com

*Counsel for the Plaintiff*

## VERIFICATION

**STATE OF NEW YORK** )
**CITY OF QUEENS** ) S.S.

    **I, PEPITO O. ALMENDRAS,** of legal age and a resident of the State of New York, after having been sworn in accordance with law, hereby state that I am the plaintiff in the within Amended Complaint. I have read the foregoing amended complaint and know the contents thereof. The contents are true to my knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters. I believe them to be true.

 

                                        **PEPITO O. ALMENDRAS**

SUBSCRIBED AND SWORN to before me this _22nd_ day of July 2013.

                                Notary Public

                           **FELIX Q. VINLUAN**
              **Notary Public, State of New York**
                    **No. 02VI6129101**
                **Qualified in Nassau County**
          **Commission Expires June 20, 2017**

THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
X-------------------------------------------------------------X

PEPITO O. ALMENDRAS,
                *Plaintiffs,*

    - against -                             Index No. 13-cv-2784
                                         **AFFIRMATION OF SERVICE**

HAROLD GRABINO and
PRISCILLA GRABINO,
                *Defendants.*
X-------------------------------------------------------------X

       I, FELIX Q. VINLUAN, an attorney duly licensed to practice before the Courts of the

state of New York and before this Honorable Court, affirm the following under penalty of

perjury:

      1.     I am over the age of eighteen; not one of the parties to this action, and am the

counsel for the plaintiff in the within action;

      2.     On July 30, 2013, I caused the service of the Amended Complaint to defendants,

through their counsel of record, Andrew W. Singer, Esq., Tannenbaum Helpern Syracuse &

Hirschtritt, LLP, with address at 900 Third Avenue, New York, NY 10022-4755, by depositing

true copy of same enclosed in a postpaid properly-addressed envelope in the post office – official

depository under the exclusive care and custody of the United States post office department

within New York State.

       Respectfully submitted.

       Woodside, New York.  July 30, 2013.

                                    FELIX Q. VINLUAN (FV6788)
                                    Counsel for the Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

X------------------------------------------------------------X

**PEPITO O. ALMENDRAS,**
                *Plaintiff,*

  - against –
                                         Docket No. 13-cv-02784 (ALC)(SN)

**HAROLD GRABINO and**
**PRISCILLA GRABINO,**
                *Defendants.*

X------------------------------------------------------------X

# AMENDED  COMPLAINT

-----------------------------------------------------------------------------------

Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous and that if the annexed document is an initiating pleading, the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the manner or sharing in any fee earned therefrom, and that if the matter involves potential claims for injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.

**FELIX Q. VINLUAN, Esq. (FV6788)**
**Law Office of Felix Q. Vinluan**
**69-10 Roosevelt Avenue, 2nd Floor**
**Woodside, NY 11377**
**Tel. No. 718-478-4488**
**Fax No. 718-478-4588**
**Email: fqvinluan@yahoo.com**
*Counsel for the Plaintiff*