UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| PEPITO O. ALMENDRAS, | : | Case No. 13 Civ. 2784 (ALC) (SN) |
| *Plaintiff,* | : | |
| | : | **ANSWER TO** |
| -against- | : | **AMENDED COMPLAINT** |
| | : | |
| HAROLD GRABINO and PRISCILLA GRABINO, | : | |
| *Defendants.* | : | |
| | : | |
| | : | |

Defendants Harold and Priscilla Grabino ("Defendants"), by their attorneys, Tannenbaum Helpern Syracuse & Hirschtritt LLP, as and for their Answer to the Amended Complaint dated July 22, 2013 ("Complaint") by Plaintiff Pepito O. Almendras ("Plaintiff"), allege as follows:

## NATURE OF THE ACTION

1.    Defendants deny the allegations contained in Paragraph 1 of the Complaint.

2.    Defendants deny the allegations contained in Paragraph 2 of the Complaint.

3.    Defendants deny the allegations contained in Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4.    The allegations contained in Paragraph 4 of the Complaint are legal conclusions to which no response is required.

5.    The allegations contained in Paragraph 5 of the Complaint are legal conclusions to which no response is required.

6.    The allegations contained in Paragraph 6 of the Complaint are legal conclusions to which no response is required.

## PARTIES

7.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation relating to Plaintiff's residence contained in Paragraph 7 of the Complaint.

8.     Defendants admit the allegations contained in Paragraph 8 of the Complaint.

9.     Defendants admit the allegations contained in Paragraph 9 of the Complaint.

10.     Defendants deny the allegations contained in Paragraph 10 of the Complaint.

11.     Defendants admit the allegations contained in Paragraph 11 of the Complaint.

12.     Defendants admit the allegations contained in Paragraph 12 of the Complaint.

13.     Defendants deny the allegations contained in Paragraph 13 of the Complaint.

14.     The allegations contained in Paragraph 14 of the Complaint are legal conclusions to which no response is required.

15.     The allegations contained in Paragraph 15 of the Complaint are legal conclusions to which no response is required.

16.     Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

## THE FACTS

18.     Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19.     Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20.     Defendants admit the allegations contained in Paragraph 20 of the Complaint, except deny that Plaintiff was entitled to any overtime compensation.

21.     Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22.     Defendants deny the allegations contained in Paragraph 22 of the Complaint.

2

23.    Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24.    Defendants admit the allegations contained in Paragraph 24 of the Complaint.

25.    Defendants admit the allegations contained in Paragraph 25 of the Complaint, except deny that Plaintiff was entitled to any overtime compensation.

26.    Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27.    Defendants admit the Plaintiff was instructed to not leave Defendant Harold alone, but otherwise deny the allegations contained in Paragraph 27 of the Complaint.

28.    Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29.    Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30.    Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31.    Defendants deny the allegations contained in Paragraph 31 of the Complaint, except admit that the Defendants terminated Plaintiff.

### FIRST CAUSE OF ACTION
**(Overtime under FLSA)**

32.    Defendants incorporate their responses to the allegations contained in Paragraphs 1 through 31 of the Complaint as if fully set forth herein.

33.    The allegations contained in Paragraph 33 of the Complaint are legal conclusions to which no response is required.

34.    Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35.    Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36.    Defendants deny the allegations contained in Paragraph 36 of the Complaint.

## SECOND CAUSE OF ACTION
### (Overtime Under NY Labor Law)

37.    Defendants incorporate their responses to the allegations contained in Paragraphs 1 through 36 of the Complaint as if fully set forth herein.

38.    The allegations contained in Paragraph 38 of the Complaint are legal conclusions to which no response is required.

39.    The allegations contained in Paragraph 39 of the Complaint are legal conclusions to which no response is required.

40.    Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41.    Defendants deny the allegations contained in Paragraph 41 of the Complaint.

## THIRD CAUSE OF ACTION
### (Retaliatory Discharge in Violation of NY Labor Law § 215)

42.    Defendants incorporate their responses to the allegations contained in Paragraphs 1 through 41 of the Complaint as if fully set forth herein.

43.    Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44.    Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45.    The allegations contained in Paragraph 45 of the Complaint are legal conclusions to which no response is required.

46.    Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47.    Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48.    Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49.    Defendants deny the allegations contained in Paragraph 49 of the Complaint.

## FOURTH CAUSE OF ACTION
### (Retaliatory Discharge)

50.     Defendants incorporate their responses to the allegations contained in Paragraphs 1 through 49 of the Complaint as if fully set forth herein.

51.     Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52.     Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53.     Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54.     Defendants deny the allegations contained in Paragraph 54 of the Complaint.

## DEMAND FOR JURY TRIAL

55.     Defendants deny that Plaintiff is entitled to a jury trial.

## PRAYER

Defendants deny that Plaintiff is entitled to any of the relief requested in the WHEREFORE Paragraph of the Complaint.

## AFFIRMATIVE DEFENSES

1.      Plaintiff's claims are barred, in whole or in part, by the failure to state a cause of action upon which relief may be granted.

2.      Plaintiff's claims are barred, in whole or in part, by the relevant statutes of limitation.

3.      Plaintiff's claims are barred, in whole or in part, because Plaintiff was an exempt companion services employee within the meaning of the Fair Labor Standards Act and New York Labor Law.

4.      Plaintiff's claims are barred, in whole or in part, because Defendants had legitimate, non-retaliatory reasons for their actions.

5

5.    Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to mitigate his damages, if any.

6.    Plaintiff's claims are barred, in whole or in part, because Defendants at all times acted in good faith and reasonably believed that their conduct did not violate the Fair Labor Standards Act or New York Labor Law.

7.    If and to the extent Defendants violated the Fair Labor Standards Act and/or New York Labor Law, it was not willful or reckless.

**WHEREFORE**, Defendants respectfully request that this Court order the following relief:

a)    Enter judgment in favor of Defendants dismissing the Complaint with prejudice in its entirety; and

b)    Awarding such other relief as this Court may deem just and proper, including the costs and disbursements of this action, attorneys' fees and interest.

Dated:   New York, New York
         August 1, 2013

                                    Respectfully submitted,

                                    **TANNENBAUM HELPERN**
                                    **SYRACUSE & HIRSCHTRITT LLP**

                                    _____
                                    Andrew W. Singer
                                    Jason B. Klimpl

                                    900 Third Avenue
                                    New York, New York 10022
                                    Phone: (212) 508-6700
                                    Fax: (212) 371-1084
                                    Email:  singer@thsh.com
                                            klimpl@thsh.com

                                    *Attorneys for Defendants*

To:      Felix Q. Vinluan, Esq.
         Law Office of Felix Q. Vinluan
         69-10 Roosevelt Avenue, 2nd Floor
         Woodside, New York 11377
         Fax: (718) 478-4588
         Email: fqvinluan@yahoo.com

         *Attorney for Plaintiff*

7